FALCON LOCK CO., a California corporation, Appellant-Appellee,

v.

BEST UNIVERSAL LOCK CO. et al., Appellees-Appellants.

No. 19880.

United States Court of Appeals Ninth Circuit.

May 24, 1966.

V. D. Beehler, Beehler & Arant, Los Angeles, Cal., for appellant Falcon Lock.

Dean C. Dunlavey, Gibson, Dunn & Crutcher, Los Angeles, Cal., for appellees Best Universal and others.

Before JERTBERG and MERRILL, Circuit Judges, and TAVARES, District Judge.

MERRILL, Circuit Judge:

The parties are competitors in the manufacture of door locks. Falcon brought this suit to secure a declaratory judgment to the effect that neither it (through the sale of its locks and lock parts) nor its customers (through use of such locks or lock parts) infringes or would infringe Best patent No. 2,440,434. It further alleged unfair competition by Best in charging infringement.[1]

Door locks of the type in question consist of two components: a lock housing and a core which fits into the housing. When the correct key is inserted into the core the lock will open. In the event the key is lost and falls into the hands of unauthorized persons, the core can be replaced by another core operable only with a different key. Locks of this type can be purchased as a whole or the components can be separately purchased. Patents upon locks of this removable-core type have long since expired and both housing and core, as such, are in the public domain. The present dispute arose over Best's efforts to prevent purchasers from using Falcon components in conjunction with Best components. It has written to Falcon and to Falcon customers charging infringement and unfair competition. It has refused to sell its own components where the use would be in conjunction with Falcon components.

The patent in issue is a system patent, covering a system of locks. The novel feature of the system centers on its lock housing which will accommodate cores of patentably different structural types. It is explained that the core thus can be of a comparatively elaborate and expensive type where greater security is desired or of a comparatively simple and inexpensive type where security is of less importance. The patented system is thus one which incorporates cores of patentably different structural types.

The District Court rendered summary judgment in favor of Falcon upon the issue of infringement. It rendered summary judgment in favor of Best upon the issue of Best's unfair competition. Both parties have appealed from adverse aspects of the judgment.

*Best's Appeal*

The record discloses that only one Falcon component had been charged with infringement by Best: a lock housing. Best refused to sell its cores if they were to be used with the Falcon housing. It charged that use of a Falcon housing in a system which utilized Best cores would constitute infringement.

■ It is clear from the record, however, that the accused Falcon housing does not accommodate cores of patentably different structural types. Nor does it appear capable of such accommodation. Neither sale nor use of this housing, whether in combination with a Falcon or Best core or cores of any other manufacture, would therefore constitute infringement. Conversely, the use of Best cores in conjunction with such a housing would not constitute infringement. The District Court so concluded and adjudged.

The language of the judgment, however, is in many respects general in terms and might well be read as encompassing situations other than that which the record discloses to exist at the present. The record is entirely too meager and the issues which the case presents are too

---

1. The complaint placed in issue the validity of Best's patent. The District Court did not deal with this issue. Accordingly we do not regard any issue of validity as presented upon this appeal.

limited to support any generalization as to the consequences of future conduct which may involve other housings or cores than those here involved. Further, while the accused housing was introduced as an exhibit, it has never been specifically identified by trade name, number or otherwise. If the judgment cannot call it by name there is no way of endowing it, in effect, *in rem*, with a non-infringing status.

Accordingly upon this record Falcon is entitled only to a declaration that as of the date of the judgment neither Falcon nor any of its customers is in infringement with the Best patent through sales or use of the Falcon housing. Judgment must be modified to limit the declaration accordingly.

The District Court also ruled that Falcon was not guilty of unfair competition in selling its housing. We agree.

Best also complains of the District Court's conclusion of law No. 9 as follows:

"Defendants have no trade-mark rights in a lock housing of figure 8 form for reception of Defendants' core, nor for a core having a figure 8 form, nor for the lock housing and core both of figure 8 form when used together.".

It is asserted that no trade-mark issue was before the court. We agree.

Best sought to inject this issue by motion for leave to file a counterclaim asserting infringement of a trade-mark. Leave was denied. In its statement of genuine issues before the court on summary judgment Falcon maintained that no issue respecting trade-mark was before the court. The judgment makes no mention of trade-mark infringement, except to state that Best's motion for leave to file counterclaim for trade-mark infringement was denied.

Under the circumstances it was inadvertence or error to include conclusion of law No. 9 and that conclusion must be held null.

*Falcon's Appeal*

The District Court ruled that in charging Falcon customers with in-

fringement and in refusing to sell to them, Best was not guilty of unfair competition. We agree.

The record presents no issue as to the good faith of Best's belief that infringement resulted from use of Falcon's housing in conjunction with Best's core. There was no evidence of bad faith. As a matter of law, lack of infringement was not so clear as to give rise to any rational inference of bad faith. The earnestness with which Best has pressed its position, both before the trial court and here, itself dispels any suggestion of bad faith.

Where charges of infringement are made in good faith, there is no unfair competition even though these charges prove false. Prosser, Torts, § 122 at 945 (3rd ed. 1964); 2 Callmann, Unfair Competition and Trade-Marks, § 42.4 at 720 (2nd ed. 1950). Likewise it is not unfair competition to refuse to sell when it is believed that infringement would result from the use of that which is sold.

Paragraphs 1 through 8 of the final judgment entered October 8, 1964, are modified to read as follows:

"1. THAT Patent 2,440,434 is not and has not been infringed by Plaintiff, nor by any of Plaintiff's customers.

2. THAT neither Plaintiff, nor any of Plaintiff's customers have competed unfairly with Defendants, nor are competing unfairly with Defendants, and are not liable to Defendants for damages.

3. THAT Defendants, their attorneys, agents, employees, and all those in active concert with them be and the same are permanently enjoined from asserting to Plaintiff or Plaintiff's customers, distributors, or to the public generally that any of them are chargeable with patent infringement or unfair competition because of the manufacture, sale, or use of Plaintiff's lock housings sold to the date of this judgment, whether or not for use interchangeable with Defendants' cores or

with Plaintiff's cores or with cores of any other manufacture."

Conclusion of law No. 9 is declared null.

Judgment in favor of Best upon the issue of unfair competition is affirmed.

Each side shall bear its own costs upon this appeal.