**BABOWAL & ASSOCIATES, INC., a Delaware corporation, Plaintiff–counter–defendant—Appellee,**

v.

**UNIVERSITY OF CAMBRIDGE LOCAL EXAMINATION SYNDICATE, or its successors-in-interest; University of Oxford Delegacy of Local Examinations, or its successors-in-interest Chancellors, Masters, and Scholars of the University of Oxford; Association**

24

of Recognized English Schools Examination Trust, or its successors in interest, Defendants–counter–claimants—Appellants.

Babowal & Associates, Inc., a Delaware corporation, Plaintiff–counter–defendant—Appellant,

v.

University of Cambridge Local Examination Syndicate, or its successors-in-interest; University of Oxford Delegacy of Local Examinations, or its successors-in-interest Chancellors, Masters, and Scholars of the University of Oxford; Association of Recognized English Schools Examination Trust, or its successors in interest, Defendants–counter–claimants—Appellees.

Nos. 06–15728, 06–15874.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 15, 2008.

Filed Aug. 14, 2008.

Seth I. Appel, Lawrence J. Siskind, Harvey Siskind Jacobs LLP, San Francisco, CA, for Plaintiff–counter–defendant–Appellee.

Richard W. Osen, Michael S. Wilcox, McDonough Holland & Allen, PC, Sacramento, CA, for Defendants–counter–claimants–Appellants.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and

DAWSON *, District Judge.

### MEMORANDUM **

Babowal & Associates, Inc. ("Babowal") appeals an adverse summary judgment in favor of the University of Cambridge Local Examinations Syndicate and other Defendants (collectively "Universities"). The Universities appeal the district court's denial of attorneys' fees under 15 U.S.C. § 1117(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ We decline to consider arguments raised for the first time on appeal that Babowal is entitled to use the Universities' trademarks under the nominative fair use doctrine, or alternatively, that the Universities improperly denied Babowal the right to use its certification mark. *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir.2004). The district court properly concluded that the Universities maintained actual control over the quality of goods sold under their trademark and that the Letter of Intent represented a revocable license rather than a outright assignment of interest.

■ Even assuming the district court misapplied California's "pleading around" rule, *see Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir.2000) (citing *Cel–Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999)), the district court properly dismissed Babowal's unfair competition claim because Babowal failed to present any evidence that the Universities engaged in conduct that was "immoral, unethical, oppressive, unscrupulous, or substantially injurious." *See Podolsky v. First Healthcare Corp.*, 50 Cal.

App.4th 632, 647, 58 Cal.Rptr.2d 89 (1996) (internal quotation marks omitted) (discussing Cal. Bus. Prof.Code § 17200). Babowal failed to present any evidence to suggest that the Universities acted in bad faith by warning Call Coach, Inc. of possible trademark infringement. *See Falcon Lock Co. v. Best Universal Lock Co.*, 362 F.2d 221, 223 (9th Cir.1966).

We affirm the district court's denial of attorneys' fees under 15 U.S.C. § 1117(a). Each party shall bear its own costs on appeal.

**AFFIRMED.**

---

* The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.